SIGNED.

Dated: June 20, 2007

_____
**JAMES M. MARLAR**
**U.S. Bankruptcy Judge**

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>JEFF P. SCOTT dba AMBER VALLEY FARM,<br><br>                  Debtor. | Chapter 7<br><br>No. 4:05-bk-07811-JMM<br><br>**MEMORANDUM DECISION RE: TRUSTEE'S MOTION TO ALTER OR AMEND ORDER** |

The Trustee takes issue with the recent order which grants to Debtor a $150,000 cash distribution from the proceeds of the $375,000 sale (Dkt. #55) of his residential real property. The FED. R. BANKR. P. 9023 motion was timely made, and it incorporates FED. R. CIV. P. 59.

The parties are familiar with the facts and the procedure which has brought us to this stage of the proceedings. To the extent it is helpful, the court hereby incorporates by reference its simultaneous Memorandum Decision regarding Debtor's motion to alter or amend orders, entered this same date.

**DISCUSSION**

The Trustee seeks to tie the Debtor's claim of homestead to the Debtor's estimate of the exempt property's value as of the date of the petition. He believes the court erred, as a matter of law, in not doing so. The court disagrees.

The Debtor claimed a homestead exemption of an amount of $150,000. This is consistent with the Arizona homestead law. ARIZ. REV. STAT. § 33-1101, *et seq*. Therefore, it was an entirely proper claim to which the Trustee never objected. See FED. F. BANKR. P. 4003 (objection must be made 30 days

after conclusion of § 341 meeting or after any amendment to schedules). Therefore, the entire $150,000 claim may be allowed, and set aside to the Debtor, in the Trustee's later sale proceedings. *Taylor v. Freeland & Kronz*, 503 U.S. 638 (1992). By not objecting within the prescribed time, the Trustee cannot, at this late date, under any theory, limit or restrict the Debtor's exemption claim, made in the schedules and which, unlike the debtor in *Taylor*, was entirely statutorily accurate in the first instance, and unassailable. The Trustee, long ago, waived the right to object.

While the property remains in the estate, as this realty has, the estate is entitled to any post-petition appreciation. *In re Hyman*, 967 F.2d 1316, 1321 (9th Cir. 1992); *In re Reed*, 940 F.2d 1317, 1323 (9th Cir. 1991); *In re Vu*, 245 B.R. 644, 647-48 (9th Cir. BAP 2000).

The Trustee's argument here, that the Debtor is limited to only the amount of an exemption as of the date of the filing of the petition, and is to be measured by the Debtor's estimate of the property's value at such time, has no precedent in the Ninth Circuit. In fact, the Ninth Circuit has categorically rejected such an argument.

It noted, in *Hyman*, that if the debtor claimed the maximum amounts allowed by statute, then that is what he should get. The Circuit gave the trustee (or the estate) all post-petition appreciation, and it also noted that the trustee, being in control of the asset, also controls the timing of the sale. To deny a debtor his homestead claim, or to attempt to parse or restrict it, was perceived by the Circuit to be inconsistent with bankruptcy policy.

The Ninth Circuit noted that a homestead statute's intended purpose only works "on the date of sale," explaining that "the concept of an interest that fluctuates in value makes no sense because all the relevant events occur on the date of sale." *Id.* at 1321. Circuit Judge Kozinski explained:

> Yet, we see no basis for treating a sale by a trustee in bankruptcy any different from a sale by a judgment lienholder . . . .
>
> The policies of both federal and state law (as well as the interest in simplifying bankruptcy estate administration) are best served if the debtor is guaranteed the full exemption amount on the date of sale, regardless of the vicissitudes of the real estate market or timing of the sale.

*Id.* at 1321.

1 Consequently, the Trustee's arguments, which are intended to curtail the Debtor's valid homestead exemption claim of $150,0000 in equity, are inconsistent with both Arizona and Ninth Circuit law, and will be DENIED.

The Trustee's analogy to § 544 is also misplaced. Section 544 is an <u>avoiding power</u> statute, not one which automatically creates new rights which are at odds with the Debtor's statutory right to claim exemptions. Moreover, § 544 does not expand the definition of estate property under § 541(a), nor restrict the debtor's exemptions under § 522. In any event, FED. R. BANKR. P. 7001(a) requires an adversary proceeding in order to recover money or property for the estate, which has not been attempted in this case. Therefore, § 544 is not applicable to this case, either substantively or procedurally.

In summary, the arguments made by the Trustee in the attempt to limit the Debtor's homestead claim were squarely addressed, and rejected, by the Ninth Circuit's *Hyman* decision in 1992. Now, fifteen years later, this court does the same.

**CONCLUSION**

For the foregoing reasons, a separate order will be entered, pursuant to FED. R. BANKR. P. 9021, which DENIES the Trustee's motion to alter or amend the homestead order.

DATED AND SIGNED ABOVE.



COPIES served as indicated below on
the date signed above:

Michael M. Neal
110 S. Church Ave., #4298
Tucson, AZ 85701
Email mmnealpc@qwest.net

Walter F. Wood
110 S Church Ave Ste 4398
Tucson, AZ 85701
Email walterfwood@aol.com

Stanley J. Kartchner
7090 N. Oracle Rd., #178-204
Tucson, AZ 85704
Email trustee@kartchner.bz

Charles M. Giles, Esq.
Charles M. Giles, P.C.
2720 E. Broadway Blvd.
Tucson, AZ 85716

Jane L. Westby, Assistant U.S. Attorney
405 W. Congress, Suite 4800
Tucson, AZ 858701-7300

Wilcox Real Estate Company
Earl H. Moser, Agent
916 W. Rex Allen Dr.
Willcox, AZ 85643

Office of the U.S Trustee
230 N. First Ave., Suite 204
Phoenix, AZ 85003


By___/s/ M. B. Thompson_____
      Judicial Assistant

SIGNED