**SIGNED.**

**Dated: June 20, 2007**



_____
**JAMES M. MARLAR**
**U.S. Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>JEFF P. SCOTT dba AMBER VALLEY FARM,<br><br>                   Debtor. | Chapter 7<br><br>No. 4:05-bk-07811-JMM<br><br>**MEMORANDUM DECISION RE: DEBTOR'S MOTION FOR NEW TRIAL OR TO ALTER OR AMEND ORDERS** |

      The Debtor has asked the court to "reconsider" its orders denying abandonment, authorizing sale of an improved parcel of real property, and granting the Debtor a $150,000 homestead exemption in the proceeds. The request is timely, and this court treats it as a FED. R. BANKR. P. 9023 motion to alter or amend its orders (FED. R. BANKR. P 9023 incorporates FED. R. CIV. P. 59).

      The issues presented are purely legal in nature, and all parties are familiar with the facts. The court will only briefly summarize them here.

## FACTS

      The Debtor filed for chapter 7 relief on October 14, 2005. In Schedule C, that portion of the schedule entitled "Property Claimed as Exempt," the Debtor chose the Arizona exemptions[1] and included the following in his list:

---

[1] See 11 U.S.C. § 522(b)(1); (2); ARIZ. REV. STAT. § 33-1133(B). (Arizona chose to "opt out" of the federal exemption scheme, allowing its citizens the use of the more liberal Arizona exemptions.)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| Improved real property located at 4233 Hardy Rd consisting of 160 acres and legally described as shown on Exhibit A attached hereto; improved with a personal residence / homestead, barn, and shed | ARS § 33-1101 | 150,000.00 | 192,000.00 |

After an April, 2007 hearing, the court entered orders approving a sale of the realty for $375,000; granting the Debtor a $150,000 homestead exemption in the proceeds; and denying the Debtor's motion to abandon the real property.

## DISCUSSION

There is nothing ambiguous in the Debtor's description of the exemption chosen. He chose exactly what ARIZ. REV. STAT. § 33-1101, *et seq.*, allows--his "equity" interest in money realized upon a "forced sale," of no more than $150,000. The Debtor cited the correct statute, and described the claimed exemption correctly--the monetary amount of $150,000. Simply because the monetary amount only arises upon the sale of a piece of real property does not change the nature of the exemption. The Arizona legislature preserved to debtors the ability to retain $150,000 in equity should their homes be forced to sale to satisfy creditors. ARIZ. REV. STAT. § 33-1101(c). That the actual real property may be forced to sale is statutorily authorized. ARIZ. REV. STAT. § 33-1105. After sale, a debtor is provided a monetary sum or fund in lieu of the property itself.

In this case, the claim of exemption made by the Debtor was not ambiguous. Even if it were, such an ambiguity would be construed against the Debtor. *In re Hyman*, 967 F.2d 1326, fn. 6 (9th Cir. 1992).

In *Hyman, supra*, a case remarkably similar to the instant one, the Ninth Circuit rejected debtors' argument that their exemption claim attached to the property itself, rather than to the equity proceeds upon forced sale. It found that, since they had made their homestead claim under the California

statute that only exempted "a fixed dollar amount generated from the sale of the homestead," they had thus properly made the exemption claim, and the trustee had no reason to object nor to believe that they were actually claiming the real property itself. *Id.* at 1318. In addition, the Circuit noted the similarities between California and Arizona's homestead statutes, as they apply to a fixed dollar amount upon sale, as opposed to the property itself. *Id.* at 1319, fn. 3.

The Debtor argues that, pursuant to the Supreme Court's decision in *Taylor v. Freeland & Kronz*, 503 U.S. 638 (1992), the Trustee should have objected to the Debtor's claim of exemption within the brief time limits of FED. R. BANKR. P. 4003(b) (30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later). Here, there was no reason to object. The Debtor claimed his exemption rights under the appropriate Arizona statute, to the maximum sum allowed. He correctly identified the proper statute and the $150,000 monetary figure. Since the exemption is defined by the statute itself as the "equity," rather than the land itself, ARIZ. REV. STAT. § 33-1101(B), all that is left to do is for the court to decide what that means. That part requires no in-depth analysis, since the statute is plainly written. The Arizona exemption statute allows only a fixed dollar amount "not exceeding" $150,0000 in the "person's interest in real property in one compact body upon which exists a dwelling house in which the person resides." ARIZ. REV. STAT. § 33-1101(A)(1). The next part of the statute is also clear and unambiguous. The Debtor cannot exempt real property; he can only exempt money upon a forced sale of up to $150,000. ARIZ. REV. STAT. § 33-1101(B), (C). As Ninth Circuit Judge Kozinski aptly stated in *Hyman*,

> The debtor's right to use the exemption comes into play not upon the filing of the petition, but only if and when the trustee attempts to sell the property. At that point, and not before, the debtor first faces the possibility of being dispossessed of his home, and the grim prospect of having to use the exemption money to find alternative housing. FN11

967 F.2d at 1321 (emphasis added).

The next issue, important to the Debtor, is his claim that the real property's value is fixed as of the date of the petition, and that, if not objected to by the Trustee, is dispositive of that point, and thus prevents the Trustee from selling the property at all, if the homestead amount plus the consensual liens total

3

Case 4:05-bk-07811-JMM    Doc 69    Filed 06/20/07    Entered 06/21/07 12:19:30    Desc
Main Document    Page 3 of 6

1 less than the property's value. This is not the law. The trustee is not required to object to <u>values</u> placed in
2 schedules by debtors, failing which he is bound thereby. Instead, the trustee or a creditor must object to the
3 "property claimed as exempt." FED. R. BANKR. P. 4003.

4         Thus, *Taylor* is simply not applicable to this case. Here, the Debtor unambiguously and
5 properly claimed $150,000 under ARIZ. REV. STAT. § 33-1101 as his exemption. This was proper, and
6 raised within it nothing to cause suspicion or to challenge. In *Taylor*, the debtor claimed <u>more</u> than she
7 would otherwise be entitled to, placing upon the trustee the duty to investigate and, if necessary, object.
8 The trustee in that case simply assumed the asset to have little or no value at the time, and decided, as a
9 practical matter, that it would be of no benefit to object. When the claimed asset later turned out to be worth
10 $110,000, it was then too late for the trustee to object. The time had passed to do so, and he had waived the
11 right.

12         In this case, the Debtor properly claimed the exemption to which he was entitled, and he got
13 it. But under Arizona law the exemption is only in money upon sale, not upon land. Since this is all that
14 the Debtor properly asked for and received, he cannot expand those rights. Thus, unlike the trustee in
15 *Taylor*, it is the Debtor who is now barred from changing the character of his claimed exemption to
16 something entirely different. *In re Farthing*, 340 B.R. 376 (Bankr. Ariz. 2006) ( Judge Haines).

17         The Debtor also contends that exempt property is not property of the estate, once the period
18 for objection has passed. To the extent, as this court has found, that the exemption is only in $150,000 cash
19 upon sale, the court agrees with the conclusion, but not necessarily with the legal analysis. In any event,
20 the result is the same. The Debtor will realize, upon sale, the full amount of the claimed exemption,
21 $150,000, and that is what the order provides.

22         Finally, the Debtor maintains that it was improper for the court to deny the Debtor's request
23 for abandonment, 11 U.S.C. § 554, even though the sale price obtained by the Trustee clearly showed that
24 the estate will realize approximately $89,000 upon closing.

25         This argument lacks merit and is not justified by the facts. Since any post-petition
26 appreciation inures to the estate, *In re Hyman*, 967 F.2d 1316, 1321 (9th Cir. 1992); *In re Reed*, 940 F.2d
27 1317, 1323 (9th Cir. 1991); *In re Vu*, 245 B.R. 644, 647-48 (9th Cir. BAP 2000), the Trustee's business
28 judgment, here, that sale of an asset would produce cash with which to pay creditors was sound. Moreover,

4

the profitable sale provided, beyond question, that the property was neither "burdensome" nor of "inconsequential value" to the estate. The property should not have been abandoned because the facts clearly showed it to have significant value to the estate.

## **CONCLUSION**

For all of the foregoing reasons, the Debtor's motion to alter or amend the sale, homestead and abandonment orders will be DENIED. A separate order will be entered. FED. R. BANKR. P. 9021.

DATED AND SIGNED ABOVE.

COPIES served as indicated below on
the date signed above:

Michael M. Neal
110 S. Church Ave., #4298
Tucson, AZ 85701                          Email mmnealpc@qwest.net

Walter F. Wood
110 S Church Ave Ste 4398
Tucson, AZ 85701                          Email walterfwood@aol.com

Stanley J. Kartchner
7090 N. Oracle Rd., #178-204
Tucson, AZ 85704                          Email trustee@kartchner.bz

Charles M. Giles, Esq.
Charles M. Giles, P.C.
2720 E. Broadway Blvd.
Tucson, AZ 85716                          U.S. Mail

Jane L. Westby, Assistant U.S. Attorney
405 W. Congress, Suite 4800
Tucson, AZ 858701-7300                    U.S. Mail

Wilcox Real Estate Company
Earl H. Moser, Agent
916 W. Rex Allen Dr.
Willcox, AZ 85643                         U.S. Mail

Office of the U.S Trustee
230 N. First Ave., Suite 204
Phoenix, AZ 85003                         U.S. Mail

1 | By    /s/ M. B. Thompson  
        Judicial Assistant

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

