**SIGNED.**

Dated: October 03, 2007

_____
**JAMES M. MARLAR**
**U.S. Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | ) Chapter 7 |
| JEFF P SCOTT, | ) No. 4:05-bk-07811-JMM |
| Debtor. | ) **MEMORANDUM DECISION** |

Before the court is the Trustee's objection to claim no. 7 filed by the Arizona Industrial Commission as a secured claim.

The issue before the court is strictly legal. It is whether a recorded judgment lien attaches to the excess, after sale and payment of a debtor's full $150,000 homestead amount.

In the instant case, this court ordered a sale of the Debtor's real property, upon which he claimed a homestead. The sale price was $375,000. After costs of sale, broker's commission, and a lien to Deborah Rae Christine were deducted, there remained a sufficient sum to pay the Debtor his claimed $150,000 Arizona homestead exemption. There is still a surplus from the sale in the Trustee's account, which is more than sufficient to pay the claimed liens of the Arizona Industrial Commission, if they are deemed to have attached to the land (and now proceeds) of the homesteaded residential property.

The Trustee maintains that the statute provides that the "homestead property" is the <u>entire</u> parcel of <u>real estate</u>, regardless of value, upon which the Debtor has claimed a valid homestead, and that therefore no judgment lien can ever attach to such real property.

The Industrial Commission contends that a recorded judgment lien may attach to any homesteaded real property, but that only the first $150,000 in equity is what the homestead exemption protects. Thus, any valid judgment lien held by the Commission attaches to the excess proceeds above that amount.

This is a short horse soon curried. The court has already issued a decision in this case which supports the Industrial Commission's position (*see* Dkt. #69). In this court's view, the Commission analyzes the statutes correctly. Therefore, its judgment liens may be paid from the surplus currently held by the Trustee.

A separate order will be entered.

DATED AND SIGNED ABOVE.

COPIES served as indicated on the date signed above:

Walter F. Wood
1955 W. Grant Rd., Ste. 125
Tucson, AZ 85745                    Email: walterfwood@aol.com

Michael M. Neal
110 S. Church Ave., #4298
Tucson, AZ 85701                    Email mmnealpc@qwest.net

Denise Ann Faulk, Assistant Attorney General
1275 West Washington Street
Phoenix, AZ 85007-2926              Email denise.faulk@azag.gov

Office of the United States Trustee
230 North First Avenue, Suite 204
Phoenix, AZ 85003-1706              U.S. Mail


By /s/   M. B. Thompson
         Judicial Assistant

2
Case 4:05-bk-07811-JMM   Doc 98   Filed 10/03/07   Entered 10/04/07 11:03:12   Desc
Main Document    Page 2 of 2